# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHNSON, III, | CASE NO. 1:08-cv-01923 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| WALDEN HOUSE, et al, | (Doc. 7) |
| Defendants. | |
| _____/ | |

Plaintiff Robert Johnson III ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on June 17, 2008, at the United States District Court for the Central District of California. On August 6, 2008, the Central District issued an order directing the United States Marshal to serve process upon the two defendants, Walden House, Inc., and Manuel Beltran. On December 15, 2008, the case was transferred to the Eastern District of California.

It is unclear from the record whether service upon defendants was completed pursuant to the Central District's order. Neither of the defendants has appeared in this action. To clarify the record, this Court shall begin by screening plaintiff's complaint as required under 28 U.S.C. § 1915A(a). After screening is completed, further service by the United States Marshal shall be ordered if applicable.

## I.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## II.   Plaintiff's Claims

Plaintiff alleges Manuel Beltran, an employee at the Walden House, located at the California Substance Abuse Treatment Facility in Corcoran, California, humiliated him, sexually harassed him, made "racial comments," and abused him mentally.  (Doc. 7, p. 5.)  Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D.D.C. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 6 (1992)) (internal quotations and citation omitted).

///

2

1    Additionally, the Prison Litigation Reform Act provides that "[n]o Federal civil action may

2    be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and

3    emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.

4    § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver

5    v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims

6    for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive

7    damages. Id. at 630.

8    Plaintiff's allegations do not demonstrate that he suffered sufficient abuse to rise to the level

9    of a constitutional violation, or that he suffered a physical injury. Thus, Plaintiff fails to state a

10   cognizable claim for harassment and verbal abuse.

11   Furthermore, § 1983 plainly requires that there be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell

13   v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

14   person deprives another of a constitutional right, where that person 'does an affirmative act,

15   participates in another's affirmative acts, or omits to perform an act which [that person] is legally

16   required to do that causes the deprivation of which complaint is made.'" Johnson v. Duffy, 588 F.2d

17   740, 743 (9th Cir. 1978). "[T]he 'requisite causal connection can be established not only by some

18   kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts

19   by others which the actor knows or reasonably should know would cause others to inflict the

20   constitutional injury.'" Id. at 743-44. Although Plaintiff names Walden House as a defendant, he

21   fails to allege any facts showing that Defendant Walden House's actions led to any alleged violation

22   of Plaintiff's constitutional rights. Thus, Plaintiff fails to state a cognizable claim upon which relief

23   may be granted against Defendant Walden House.

24   **III.    Conclusion and Order**

25   The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

26   which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to

27   file an amended complaint curing the deficiencies identified by the Court in this order. Noll v.

28   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the

3

1  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

2  F.3d 605,  607 (7th Cir. 2007) (no "buckshot" complaints).

3        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions

4  complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy,

5  625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named

6  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

7  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

8  Goode, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

9  F.2d 740, 743 (9th Cir. 1978).  Although accepted as true, the "[f]actual allegations must be

10  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 555 (2007) (citations omitted).

12        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

13  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th

14  Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading,"

15  E.D. Cal. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

16  which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London

17  v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

18        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19     1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

20     2.     The Clerk's Office shall send Plaintiff a complaint form;

21     3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

22           amended complaint;

23     4.     Plaintiff may not add any new, unrelated claims to this action via his amended

24           complaint; and

25  ///

26  ///

27  ///

28  ///

5.      If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with

prejudice, for failure to state a claim.

.

**IT IS SO ORDERED.**

**Dated:**    **September 28, 2009**              **/s/ Gary S. Austin**
                                        **UNITED STATES MAGISTRATE JUDGE**